OPINION
Earl Holland appeals from the trial court's denial of his post-conviction relief petitions without an evidentiary hearing. Holland was convicted after a jury trial in October 2000 of robbery and felonious assault of a police officer. Holland's conviction was affirmed by this court in State v. Holland (November 2, 2001), Montgomery App. No. 18556, 2001-Ohio-1697.
In a sole assignment, Holland contends the trial court erred in denying his petition without providing him a hearing.
The facts underlying Holland's conviction are set out in our appellate opinion and need not be repeated herein. In his petition, Holland set out six claims for relief. In the first claim, Holland contends that his trial counsel was ineffective for failing to challenge a false statement by Detective Larry Davis in the probable cause affidavit filed by Davis to secure the arrest warrant for him. Holland contends Davis lied when he stated in the affidavit that Officer William Shobe identified him as the perpetrator of the offenses named in the complaint. In his brief, Holland contends the "record" shows that Shobe could not have been an eyewitness to the crimes. (See page 7 of appellant's brief). Holland contends that his trial attorney was ineffective in not moving to suppress the arrest warrant.
Holland fails to demonstrate how he was prejudiced by his trial counsel's action in not moving to suppress the arrest warrant. He does not argue that any evidence was obtained by the police as a product of his arrest under the warrant. He was subsequently indicted by the Montgomery County Grand Jury and he stood trial under the indictment not upon the original warrant. The trial court properly denied Holland's relief on this claim.
In his second claim, Holland argued that counsel was ineffective for failing to interview and present the testimony of certain alibi witnesses. In support of this claim Holland submitted three affidavits, two of which were unsigned and unsworn. The third affidavit was signed by Holland's sister, and did not provide an alibi for him for the time of the crime. Counsel could hardly be ineffective for not presenting Holland's sister as a defense witness. The trial court did not err in denying relief on this claim.
Holland's third claim was that his trial counsel was ineffective for failing to object to the introduction of "other acts" evidence. Holland's appellate counsel was a different lawyer than his trial counsel. Where defendant, represented by new counsel on direct appeal, fails to raise therein the issue of competent trial counsel, and the issue could fairly have been determined without resort to evidence outside of the record, res judicata is a proper basis for dismissing the defendant's petition for post-conviction relief. State v. Cole (1982),2 Ohio St.3d 112, 443 N.E.2d 169, syllabus. The question of whether trial counsel violated a duty to Holland by not objecting to certain evidence, and if so, whether there is a reasonable probability that this inaction affected the outcome of the trial, could have been raised by Holland's appellate counsel and resolved on direct appeal. Consideration of the claim was thus barred in the post-conviction relief proceeding by res judicata. State v. Perry (1967), 10 Ohio St.2d 175.
Holland's fourth, fifth and sixth claims also involved counsel ineffectiveness claims. They involve identification procedures, merger, and allegations of prosecutorial misconduct which depend on facts contained in the record and therefore could have been raised by appellant's appellate counsel. They were likewise barred by resjudicata, and the trial court did not err in summarily denying relief on that basis.
The trial court was not required to conduct an evidentiary hearing on Holland's petition unless Holland demonstrated substantial grounds for relief. State v. Jackson (1980), 64 Ohio St.2d 107. He failed to do so. The appellant's assignment of error is overruled.
The judgment of the trial court is Affirmed.
FAIN, J., and GRADY, J., concur.